UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYVARIS S. CHANCE,

                               Plaintiff,

    v.

U.S. BANCORP, ANDREW CECERE,
SEAN HENNESSY, *and* KIMBERLY
FRANK,

                               Defendants.

No. 21-CV-4969 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff Tyvaris S. Chance (Plaintiff"), proceeding pro se, brings this Action for violation of the Fair Debt Collection Practices Act, violations of certain privacy and disclosure protections codified in Title 15 of the U.S. Code, and identity theft.  (*See* Compl. (Dkt. No. 2).)[1]  By order dated November 16, 2021, the Judge Swain granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").  (*See* Dkt. No. 6.)

## I.  Discussion

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  Although Federal Rule of

---

[1] While Plaintiff invokes the Court's federal question jurisdiction, the Court also notes that because Plaintiff and Defendants are citizens of different states, and Plaintiff seeks damages in excess of $75,000, Plaintiff may also invoke the Court's diversity jurisdiction.  (*See* Compl. (Dkt. No. 2).)

Civil Procedure 4(m) generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants U.S. Bancorp, Andrew Cecere, Sean Hennessy, and Kimberly Frank through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## II.  Conclusion

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for U.S. Bancorp, Andrew Cecere, Sean Hennessy, and Kimberly Frank and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this Order to Plaintiff, together with an information package.

SO ORDERED.

Dated: November 18, 2021
       White Plains, New York

KENNETH M. KARAS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. U.S. Bancorp
   5065 Wooster Road
   Cincinnati, Ohio 45226

2. Andrew Cecere, CEO
   5065 Wooster Road
   Cincinnati, Ohio 45226

3. Sean Hennessy, Recovery Supervisor
   5065 Wooster Road
   Cincinnati, Ohio 45226

4. Kimberly Frank, Customer Advocacy Specialist
   P.O. Box 3447
   Oshkosh, Wisconsin 54903